UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>CORNELIUS C. MITCHELL,   )<br>)<br>Defendant.   ) | Case No. 10-CR-20094 |

**OPINION**

This case is before the court for ruling on Defendant's Motion to Dismiss Arrest (#34), filed on February 21, 2012.  On February 29, 2012, the government filed its Response (#35).  On March 15, 2012, the Defendant filed a Memorandum in Support of the Motion to Dismiss (#36).  This court has carefully reviewed the arguments of the parties.  Following this careful and thorough review, Defendant's Motion to Dismiss Arrest (#34) is DENIED.

**BACKGROUND[1]**

In this case, Defendant previously filed a Motion to Suppress Alleged Confession (#18) and a Motion to Suppress Traffic Stop and the Fruits Thereof (#28).  For both of these prior Motions (#18; #28), this court held evidentiary hearings.  This court issued Opinions (#25; #33) denying Defendant's prior Motions to Suppress (#18; #28).  Importantly, in the Opinion (#33) denying Defendant's Motion to Suppress Traffic Stop (#28), this court held

---

[1]All relevant testimony from the two prior evidentiary hearings were included in this court's prior Opinions (#25; #33).  As Defendant's Motion (#34) is based on the same factual scenario, this court will not further recite the surrounding facts—rather, this court will solely include facts relevant to this Motion (#34).

that there was clearly probable cause for Defendant's arrest. Therefore, to the extent that Defendant's current Motion (#34) challenges probable cause for his arrest, it lacks merit and this court will not reconsider its prior Opinion (#33).[2]

There are only a few facts relevant to the Defendant's Motion (#34). Defendant was initially arrested on November 4, 2010 for violations of state law. Shortly following his arrest, a residence was searched which uncovered additional evidence of narcotics and gun crimes. After this search, the United States Attorney's Office was contacted and the decision was made to arrest Defendant for violations of federal law. On November 5, 2010, DEA Task Force Agent Jack Turner presented a complaint and affidavit to Magistrate Judge David G. Bernthal for Defendant's arrest for violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). Magistrate Judge Bernthal signed the arrest warrant on November 5, 2010. Additionally, Defendant appeared before Magistrate Judge Bernthal for an initial appearance in the Central District of Illinois on November 5, 2010. Magistrate Judge Bernthal conducted a preliminary hearing and found probable cause for Defendant's arrest.

## ANALYSIS

In his Motion to Dismiss Arrest (#34), Defendant argues that his warrantless arrest and the fruits that arrest produced should be suppressed because his due process rights were violated because of the delay between his arrest and the judicial probable cause determination violated Illinois Criminal Procedure, the Federal Rules of Criminal Procedure and the Constitution. Essentially, both Illinois Criminal Procedure and the Federal Rules of Criminal Procedure require that a defendant be brought before a judge "without unnecessary delay"

---

[2]Although Defendant's prior motions were filed by counsel, Defendant himself submitted this Motion (#34).

after the arrest. Fed. R. Crim. Proc. 5(a) ("A person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge . . . ."); 725 ILCS 5/109-1(a) ("A person arrested with or without a warrant shall be taken without unnecessary delay before the nearest and most accessible judge in that county . . . ."). Similarly, the Fourth Amendment "requires that a defendant receive a judicial determination of probable cause promptly after arrest or detention." United States v. Kirkland, 567 F.3d 316, 319 (7th Cir. 2009). However, Supreme Court precedent provides that:

> [A]bsent evidence of ill will or unreasonable justifications for delay, a judicial probable cause determination is generally prompt for purposes of the Fourth Amendment if it occurs within forty-eight hours after arrest or detention. Where a defendant does not receive a probable cause determination within forty-eight hours, the burden shifts to the government to justify the delay.

Id. (citing County of Riverside v. McLaughlin, 500 U.S. 44, 56 (1991)).

In this case, Defendant received a probable cause determination on November 5, 2010, the day after his arrest. Therefore, because Defendant received a probable cause determination within forty-eight hours, the burden is on him to offer evidence of ill will or unreasonable justifications for delay in his case. Defendant has failed to offer any such evidence, therefore this court finds that the November 5, 2010 probable cause determination by Magistrate Judge Bernthal was prompt and without unnecessary delay.

Finally, to the extent that Defendant was attempting to suppress his incriminating statement in this Motion (#34), Defendant's attempt fails. The Supreme Court recently held that:

> [A] district court with a suppression claim must find whether the defendant confessed within six hours of arrest (unless a longer delay was 'reasonable considering the means of transportation and the distance to be traveled to the nearest available [magistrate]'). If the confession came within that period, it is admissible . . . so long

as it was 'made voluntarily and . . . the weight to be given [it] is left to the jury. If the confession occurred before presentment and beyond six hours, however, the court must decide whether delaying that long was unreasonable or unnecessary under the McNabb-Mallory cases, and if it was, the confession is to be suppressed.

Corley v. United States, 556 U.S. 303, 322 (2009). In this case, Defendant's statements after his arrest, which Defendant previously moved to suppress, all occurred within approximately two hours of his arrest. Therefore, any claim that Defendant's statements should be suppressed because of the delay between his arrest and his subsequent presentment to Magistrate Judge Bernthal fails.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Suppress (#34) is DENIED.

(2) This case remains scheduled for a status conference on April 5, 2012, at 1:15 p.m.

ENTERED this 27th day of March, 2012.

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE