E-FILED
Thursday, 03 May, 2012  09:47:52 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CR-20094 |
| | ) | |
| CORNELIUS C. MITCHELL, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

This case is before the court for ruling on Defendant's pro se Motion to Reconsider (#38) this court's rulings on Defendant's Motions to Suppress (#18; #28). This court has carefully reviewed the Defendant's arguments. Following this careful and thorough review, Defendant's pro se Motion to Reconsider (#38) is DENIED.

In this case, Defendant previously filed a Motion to Suppress Alleged Confession (#18) and a Motion to Suppress Traffic Stop and the Fruits Thereof (#28). For both of these prior Motions (#18; #28), this court held evidentiary hearings. This court issued Opinions (#25; #33) denying Defendant's prior Motions to Suppress (#18; #28). In the Opinion (#33) denying Defendant's Motion to Suppress Traffic Stop (#28), this court held that there was clearly probable cause for Defendant's arrest and rejected Defendant's argument that the one-month delay between the controlled buy and his arrest rendered the probable cause stale. Defendant, in his Motion to Reconsider (#38), has advanced the same argument based on the one-month delay between the controlled buy and his arrest. This argument lacks merit and this court will not reconsider its prior Opinion (#33).

In the Opinion (#25) denying Defendant's Motion to Suppress Alleged Confession (#18), this court held that Defendant's partial written statement was admissible because although Defendant invoked his right to an attorney after receiving a verbal <u>Miranda</u> warning, under the totality of the circumstances, Defendant's initiation of the conversation and subsequent waiver of counsel was knowing and voluntary. Defendant, in his Motion to Reconsider (#38), does not offer any argument which would affect this court's prior conclusion that Defendant's initiation of the conversation and subsequent waiver of counsel was knowing and voluntary. Instead, Defendant advances a novel theory, without any case support, that the failure to give a <u>Miranda</u> warning to Defendant at the scene of the traffic stop, prior to the arrival at his residence violated <u>Miranda</u> because his residence, where illegal drugs were found, was an "incriminating environment." Defendant's argument is premised on a belief that if there was a violation of <u>Miranda</u>, any subsequent statements must be inadmissible—a premise that is incorrect. <u>See e.g.</u>, <u>Oregon v. Elstad</u>, 470 U.S. 298, 318 (1985). Here, Defendant was given <u>Miranda</u> warnings prior to the incriminating statements at issue, therefore any failure to give Defendant <u>Miranda</u> warnings earlier in the arrest is legally irrelevant to the statements he eventually made. Therefore, because Defendant's argument lacks merit, this court will not reconsider its prior Opinion (#25).

IT IS THEREFORE ORDERED THAT: Defendant's Motion to Reconsider (#38) is DENIED.

ENTERED this 3rd day of May, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE